NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002528
02-JAN-2014
08:36 AM**

NO. CAAP-13-0002528

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


COLLECTION MANAGEMENT SERVICES OF HAWAII, INC.,
a Hawaiʻi corportation, Plaintiff-Appellee,
v.
JAMIN KENT FOOTE,
Defendant/Third-Party-Plaintiff/Appellee,
and
EDWARD D. GULLIVER, M.S. DVM, dba LEEWARD PET CLINIC,
Third-Party Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC12-1-4445)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we do not

have jurisdiction over this appeal that Third-Party Defendant-

Appellant Edward D. Gulliver, M.S. DVM, dba Leeward Pet Clinic

(Appellant Gulliver) has asserted from the district court's (the

Honorable Gerald H. Kibe and Honorable Maura M. Okamoto

presiding) May 9, 2013 default judgment, June 7, 2013 order

denying Appellant Gulliver's motion to set aside, and July 1,

2013 order denying Appellant Gulliver's motion for reconsideration, because the district court has not yet entered an appealable final order or final judgment in this case.

Appellant Gulliver is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added).

The district court has not entered a final order or final judgment that fully disposes of all of the claims in this district court litigation matter. We have held that a default judgment was immediately appealable in a case, but only where "there [wa]s only one plaintiff, one defendant, and once claim involved in this case." Casuga v. Blanco, 99 Hawai'i 44, 51, 52 P.3d 298, 305 (App. 2002) (opinion by Watanabe, J.). In contrast

to the situation in Casuga v. Blanco, the instant case involves multiple claims, and while the May 9, 2013 default judgment enters judgment in favor of Defendant/Third-Party Plaintiff/ Appellee Jamin Kent Foote (Appellee Foote) and against Appellant Gulliver as to Appellee Foote's third-party complaint, the May 9, 2013 default judgment does not adjudicate Plaintiff-Appellee Collection Management Services of Hawaii, Inc.'s, complaint for breach of contract against Appellee Foote. In other words, the May 9, 2013 default judgment does not end the litigation by fully deciding the rights and liabilities of all parties and leave nothing further to be adjudicated, as HRS § 641-1(a) requires under the holding in Casumpang v. ILWU, Local 142. Therefore, the May 9, 2013 default judgment does not qualify as an appealable final judgment under HRS § 641-1(a) and the holding in Casumpang v. ILWU, Local 142, and, consequently, the June 7, 2013 order and the July 1, 2013 order are merely interlocutory orders that are not eligible for appellate review until a party asserts a timely appeal from an appealable final judgment or appealable final order in this case. Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("An appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." (Citation and internal quotation marks omitted)).

Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), Appellant Gulliver does not satisfy the requirements

-3-

for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b).  See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent an appealable order or appealable judgment, this appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0002528.  Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0002528 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  January 2, 2014.

Chief Judge

Associate Judge

Associate Judge

-4-